[Cite as *State v. Tulk*, 2013-Ohio-4279.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

SHERRY A. TULK

    Appellant

C.A. No.     12CA010310

APPEAL FROM JUDGMENT
ENTERED IN THE
AVON LAKE MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    TRD 1200400

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

CARR, Judge.

**{¶1}** Appellant Sherry Tulk appeals her conviction in the Avon Lake Municipal Court. This Court reverses.

I.

**{¶2}** Tulk was cited by Avon police for improper passing to the right of a vehicle. After Tulk pleaded not guilty, the matter was heard to the bench. The trial court found Tulk guilty, imposed a $50.00 fine, and assessed two points to her driving record. Tulk filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN ITS DETERMINATION THAT SHERRY A. TULK WAS GUILTY OF IMPROPER PASSING FROM THE RIGHT, VIOLATING THE CITY OF AVON ORDINANCE, SECTION 432.04.

**{¶3}** Tulk argues that her conviction was against the manifest weight of the evidence. Nevertheless, "a review of the weight of the evidence necessarily involves an evaluation of the

sufficiency of the evidence in that, in order for this Court to weigh the evidence, there must be evidence to weigh." *State v. Frum*, 9th Dist. Wayne No. 12CA0039, 2013-Ohio-1096, ¶ 4; *see also State v. Anderson*, 9th Dist. Summit No. 26006, 2012-Ohio-3663, ¶ 5. In reviewing the face of the record, it is apparent that Tulk's conviction was based on insufficient evidence.

{¶4} "[T]he question of whether the evidence is legally sufficient to support the jury verdict as a matter of law invokes a due process concern." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 113, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In reviewing a challenge to the sufficiency of the evidence, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Diar*, 120 Ohio St.3d at ¶ 113, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).

{¶5} Tulk was cited for improper passing to the right of a vehicle in violation of Avon Ordinance 432.04, which provides in pertinent part: "The driver of a vehicle may overtake and pass on the right of another vehicle only under the following conditions: [w]hen the vehicle overtaken is making or about to make a left turn; or [u]pon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle. The driver of a vehicle may overtake and pass another vehicle only under conditions permitting the movement in safety."

{¶6} At trial, Avon presented the testimony of two witnesses.

{¶7} Jeffrey Rinaldi testified that he was driving westbound on I-90 after dark on April 25, 2012, when Tulk's car hit the trailer he was pulling with his truck. He described the trailer as a 17-foot pointed nose cargo trailer, and testified that the truck and trailer together were

approximately 33 feet long. There was no dispute that the accident occurred immediately before a construction zone and that the three-lane highway was incrementally being reduced to one lane of traffic. Cones and signs directing drivers to merge from the right and center lanes into the left lane were present.

**{¶8}** Mr. Rinaldi testified that he was traveling in the left lane at approximately 10-15 mph, and that he was maintaining a clear distance from the car in front of him. He testified that he passed Tulk's car that was traveling in the lane to the right and that Tulk then merged her car into the fender and tires on the passenger side of his trailer. He testified that there were pylons in front of Tulk's car directing her to move into the left lane. Mr. Rinaldi testified that he stopped his truck, moved the yellow barrels that had been set up along the left side of the lane of travel, and pulled off the roadway to the left so as not to impede traffic. He testified that Tulk pulled into the construction zone on the right and stopped near a police car assigned to the construction zone. He testified that Tulk began screaming at him from across the highway, so he told her to speak with the police officer. Mr. Rinaldi denied that Tulk had successfully merged into the left lane and that he was attempting to pass her on the left from the berm or shoulder.

**{¶9}** Officer Csaba Hortobagyi of the Avon Police Department testified that Officer Coe, who was working an assignment in the construction zone, called in a minor motor vehicle accident on I-90 westbound on April 25, 2012. Officer Hortobagyi testified that he could hear a female screaming irately in the background. The officer responded to the scene, arriving around 10 p.m. He testified that it was very dark and raining and that traffic was backed up due to the construction in the area. Traffic had been funneled from three to two to one lane on the left. He noticed a truck pulled off on the left side beyond construction barrels and a car pulled over to the

right within the construction zone. There were barrels on both sides of the roadway and signs directing merger.

{¶10} Officer Hortobagyi testified that he observed damage to the left rear side of Tulk's car and to the right front fender and alongside Mr. Rinaldi's trailer. The officer testified that he spoke with both Mr. Rinaldi and Tulk at the scene. He testified that Tulk admitted that she was passing vehicles on the right before she merged into the left lane. Officer Hortobagyi testified that, based on information he obtained at the scene and his discussions with both Mr. Rinaldi and Tulk, he issued Tulk a citation for improperly passing on the right. He testified that she was very argumentative and that he continued to hear her screaming as he sat in his closed police car as Tulk spoke with a police lieutenant at the scene and as she later drove away in the rain.

{¶11} Tulk testified in her own defense. She admitted that she had been passing vehicles driving and sitting in the left lane because it was a very long line of traffic, it was 10 p.m., she was hungry, and she had very little gas. Therefore, she decided to drive further before merging. She testified that she merged into the left lane once she realized that she could not drive any further in the next lane to the right. She testified that the lane in which she was traveling was blocked by a Ford Taurus that had stopped immediately behind cones that were fully blocking the lane.

{¶12} Tulk testified that she had fully merged into the left lane in front of Mr. Rinaldi's truck in the 150-200 yard gap between his truck and the silver car in front of him. She testified that she believed that Mr. Rinaldi was angry because she had managed to get in the line of traffic in front of him. She testified that Mr. Rinaldi then attempted to pass her on the left by driving on

the berm and that, when he reentered the left lane of traffic, only his truck cleared her car while his trailer hit her car and pushed her forward.

{¶13} Tulk admitted having seen the signs for the construction zone and directing merger. She further admitted telling the police that she passed other vehicles on the right because she hoped to exit the highway at the next exit without having to merge even though that exit was several miles ahead. She testified, "I guess I wasn't paying attention to the exit sign when I was driving. It had been a long day." She reiterated that she stayed in the lane to the right until she realized that she could proceed no further in that lane because of construction barrels. Tulk testified that the traffic in the left lane had come to a complete stop when she merged into that lane in front of Mr. Rinaldi and that there was a 150-200 yard gap where she could merge. Finally, Tulk testified that the accident occurred 100 yards behind where the debris from the accident was observed.

{¶14} Even reviewing the evidence in a light most favorable to the State, this Court concludes that it failed to meet its burden. Assuming without deciding that this ordinance is applicable to this situation where a driver is passing on the right while traveling on a multi-lane interstate, there was no evidence to indicate that Tulk's act of passing other vehicles on the right was done in an unsafe manner. The evidence demonstrated that her lane of traffic was unobstructed as she continued to pass vehicles from the right. There was no evidence that she was unable to continue to pass the vehicles to her left safely as she was doing so. To conclude otherwise would be to impliedly hold that a driver violates a statute like the one above by continuing to drive in a merging lane at the first notice of impending merger. Although there may have been evidence of improper merger or some other traffic offense, there was no evidence to indicate that her act of passing other vehicles on the right was done in an unsafe manner. The

State's evidence showed that Tulk was no longer passing vehicles from the right as she merged into the left lane, but rather that Mr. Rinaldi had just passed her from the left. Accordingly, we reverse Tulk's conviction, and the matter is remanded to the trial court to enter a judgment of acquittal.

III.

{¶15} Based on the above analysis, this Court reverses the judgment of the Avon Lake Municipal Court and remands for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

MOORE, P. J.
DISSENTING.

{¶16} The evidence presented by the State demonstrated that Ms. Tulk was in a hurry, low on gas, and had ignored the earlier signs to merge left in hopes of reaching an exit before the construction zone. Mr. Rinaldi testified that he had secured his truck and trailer in the left lane when Ms. Tulk attempted to pass on the right. It appears that as she approached the pylons, she could not go forward any further in the right lane and thus merged left into his vehicle.

{¶17} The terms of the ordinance at issue specifically provide that "the driver of a vehicle may overtake and pass another vehicle only under conditions permitting the movement in safety." The court below heard conflicting testimony as to how the passing of the vehicle took place. It presumably determined that the testimony presented by the State was more credible than that of Ms. Tulk, such that her attempt to overtake Mr. Rinaldi's vehicle was not done in a manner that permitted her moving in safety. Applying the sufficiency standard, where the appellate court is required to review the evidence in a light most favorable to the prosecution, there is no question in my mind that the court's verdict should be affirmed. Further, applying the manifest weight standard, the greater amount of credible evidence supported the prosecution's position. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Accordingly, I dissent.

APPEARANCES:

SHERRY A. TULK, pro se, Appellant.

RICK KRAY, Attorney at Law, for Appellee.